[No. 679. Decided November 14, 1892.]

## J. M. ANDERSON AND C. C. COMBES, *Appellants*, v. GEORGE W. CRISP, *Respondent*.

SALE OF PERSONAL PROPERTY—PART OF INDISTINGUISHABLE MASS—WHEN TITLE PASSES.

A contract for the sale of a certain number of merchantable brick out of a larger mass contained in kilns does not pass title to the brick, as it is impossible to determine, before the segregation of the brick, what relative portions of the kilns will be covered by the contract.

*Appeal from Superior Court, Chehalis County.*

*B. F. Jacobs,* and *Schofield & Schofield,* for appellants.

*Austin E. Griffiths,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—It is contended by the appellants that the determining question in this case is, whether a sale of personal property constituting part of a large mass of like property passes title to the purchaser until it is separated from the mass, or in some other way designated or distinguished. And appellants' brief on this proposition is elaborate and painstaking, and would greatly aid the court in investigating this question, did we deem its determina-

tion necessary in this cause. The question presented by appellants is a new question in this state, and is an exceedingly important one, and in consideration of its importance, and in consideration of the fact that the authorities are so conflicting, we deem it advisable not to decide it until such decision is necessary to the determination of the cause at issue. We say this because, conceding the force of appellants' argument, this cause, we think, must be distinguished from the cases cited which sustain the rule contended for by appellants that it is not necessary to separate or distinguish a portion of personal property from the mass which includes it, to pass title to the portion sold. All those cases are based on the supposition that all the different portions of the mass are of equal value and of uniform quality, so that there is nothing left to be done by either party but to weigh, measure or count, which acts involve no discretion; that the intention of the parties to the contract is the only thing to be considered, and that when it can be definitely determined from the terms of the contract that the intention of the parties was to pass the title, the title is held to pass; or, in other words, we presume they mean to say that while the separation from the common mass is a circumstance going to show the intention of the parties to pass the title, it is not an essential circumstance.

*Kimberly v. Patchin*, 19 N. Y. 330, is the leading case supporting this rule, and has received much criticism, both favorable and adverse, by courts and text writers. There it was held, upon a sale of a specific quantity of grain, that its separation from a mass, indistinguishable in quality or value, in which it is included, is not necessary to pass the title when the intention to do so is otherwise clearly manifested. In that case it will be noticed that the goods were indistinguishable *in quality or value*, and it was upon that particular state of facts that the argument of the court was based. "It is," said the court, "a rule asserted in many

legal authorities, but which may be quite as fitly called a rule of reason and logic as of law, that in order to an executed sale, so as to transfer a title from one party to the other, the thing sold must be ascertained. This is a self-evident truth, when applied to those subjects of property which are distinguishable by their physical attributes from all other things, and, therefore, are capable of exact identification."

But the court with great force proceeds to argue that other characters of property, such as grains, wines, oils, etc., which are not susceptible of definite description, are not subject to this rule, but that the title to such property can be held to pass by contract without separation or manual delivery if nothing further remains to be done in regard to it. But it must be admitted that if all the property in the mass is not of equal value something more *does* remain to be done. Thus, in the case at bar, another element is injected into the contract, and there is a question of relative values to be yet determined. The appellants did not buy a portion of an indistinguishable mass where all the component parts were of equal value; but their contract called for 162,000 merchantable brick, and the evidence was that the brick that were deemed unmerchantable were thrown aside and not counted in when they came to haul them, so that it is impossible to determine, before the segregation of the brick, not only what particular brick were sold, but what relative portions of the kiln were sold; and while, as we have said before, it may be conceded that the intention of the parties will be carried into effect if it can be ascertained, yet under this contract it is impossible to ascertain not only the particular brick sold, but the actual relative number of brick sold by reason of the unsettled question of what brick were and what were not merchantable, creating an element of uncertainty in the contract which does not exist in those cases where the vendor sells a certain

number of bushels of grain or a certain number of gallons of oil, or tons of hay, in an undivided mass, where all the different portions are of equal value. We think to hold that the title passed in this case would be carrying the principles of liberal construction beyond the rule laid down in any of the cases cited by appellant. It is true that some of them were brick cases, similar in most respects to the case at bar; but in none of them did it appear that the brick in the kiln were not of uniform and equal value, and all the American cases were decided on the strength of *Kimberly v. Patchin*, *supra*, and the principles upon which that case was based are thus stated by Mr. Ralston, who is an earnest advocate of what he terms "the new rule:"

"When the constituent parts which make up a mass are indistinguishable from each other by any physical difference in size, shape, texture or quality, and the quantity and general mass from which it is to be taken are specified, the subject of the contract is sufficiently ascertained, and the title will pass if the sale is complete in all its other circumstances."

Plainly the case at bar does not fall within those principles.

This being our view of the law covering this particular case, and there being no conflict in the testimony concerning the fact that it was only merchantable brick that were sold, the appellants could not have been injured by the instruction complained of, for they would not have been entitled to a verdict in any event. Reaching this conclusion renders unnecessary the investigation of the other questions raised.

The judgment is affirmed.

ANDERS, C. J., and HOYT, STILES and SCOTT, JJ., concur.